## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD BROWN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CATERPILLAR, INC., et al.,<br><br>　　　　Defendants. | Hon. William H. Walls, U.S.D.J.<br>Hon. Cathy L. Waldor, U.S.M.J.<br><br>Civil Action No.: 2:15-cv-02687-WHW-CLW<br><br>Return Date: June 15, 2015 |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

Szaferman, Lakind
　Blumstein & Blader, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
(609) 275-0400

Levy Konigsberg, LLP
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
(609) 275-0400
Attorneys for Plaintiff

Robert E. Lytle, Esq.
On the Brief

1637881.5

# TABLE OF CONTENTS

**Page**

PROCEDURAL HISTORY ........................................ 1

STATEMENT OF FACTS ........................................ 2

ARGUMENT ................................................... 3

    THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR
    A REMAND TO STATE COURT BECAUSE THE SUMMARY
    JUDGMENTS GRANTED TO THE NEW JERSEY DEFENDANTS
    CONSTITUTED INVOLUNTARY DISMISSALS OF THOSE
    DEFENDANTS EVEN THOUGH PLAINTIFF DID NOT FILE
    OPPOSITION TO THEIR MOTIONS

CONCLUSION .................................................. 11

# TABLE OF AUTHORITIES

**Page**

*Abels v. State Farm Fire & .Co.,*
    694 F. Supp. 140 (W.D. Pa. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Am. Dredging Co. v. Atl. Sea Con., Ltd.,*
    637 F. Supp. 179 (D. N.J. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Batoff v. State Farm Ins. Co.,*
    977 F.2d 848 (3d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

*Brown v. Jevic,*
    575 F.3d 322 (3d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cook v. Pep Boys-Mannie Moe & Jack, Inc.,*
    641 F. Supp. 2d 43 (E.D. Pa. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Fielder v. I-Flow Corp.,*
    No. 09-cv-4100, 2010 WL 2516920 (D. N.J., June 11, 2010) . . . . . . . . . . . 4

*Great N. Ry. Co. v. Alexander,*
    246 U.S. 276 (1918) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Higgins v. E.I. DuPont de Nemours & Co.,*
    863 F.2d 1162 (4th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hoffman v. Metro. Ins. & Annuity Co.,*
    No. 12-cv-2303, 2012 WL 3185953 (D. N.J., Aug 2, 2012) . . . . . . . . . . 5, 8

*In re Asbestos Prod. Liab. Litig.,*
    801 F. Supp. 337 (E.D. Pa. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Repository Techs.,*
    601 F.3d 710 (7th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Iowa Mfg. Co.*,
    747 F.2d 462 (8th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Johnson v. Cyclop Strapping Corp.*,
    220 N.J. Super. 250 (App. Div. 1987),
    *certif. den.*, 110 N.J. 196 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Machinsky v. Johnson & Johnson Med., Inc.*,
    868 F. Supp. 269 (E.D. Mo. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pender v. Bell Asbestos Mines, Ltd.*,
    46 F. Supp. 2d 937 (E.D. Mo. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Poulos v. Naas Foods, Inc.*,
    959 F.2d 69 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*Saylor v. Gen. Motors Corp.*,
    416 F. Supp. 1173 (E.D. Ky. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Shemp v. Yamaha Corp. of Am.*,
    No. 06-cv-565, 2006 WL 2669185 (D. Nev., Sept. 18, 2006) . . . . . . . . . . 8

*S.N. Golden Estates, Inc. v. Cont'l Casualty Co.*,
    317 N.J. Super. 82 (App. Div. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Federal Statutes

28 U.S.C. § 1441(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

## PROCEDURAL HISTORY

Plaintiff, who is now deceased, filed this action in the Superior Court, Law Division, Middlesex County, on May 2, 2014 (Ex. A to Declaration of Leah Kagan ("Dec. of Leah Kagan"), submitted in support of this motion). The complaint asserts various common law tort causes of action against the Defendants based on their manufacturing, supplying and distributing asbestos-containing products to which Plaintiff was exposed during the course of his employment. *Id.* Three of those Defendants are New Jersey corporations — Honeywell International, Inc. ("Honeywell"), Pneumo-Abex, LLC ("Abex"), and Ingersoll-Rand Company ("Ingersoll-Rand").

Following the completion of discovery, which included Plaintiff providing answers to interrogatories and discovery and *de bene esse* depositions of Plaintiff (see Dec. of Leah Kagan, ¶¶ 7, 8), Abex and Ingersoll-Rand filed motions for summary judgment. Based on a review of the evidence developed during the course of discovery, Plaintiff's counsel decided not to oppose those motions, and on March 15, 2015, the Superior Court judge to whom this action was assigned entered orders dismissing Plaintiff's claims against Abex and Ingersoll-Rand (Defendants' Notice of Removal, Exs. J and K ).

In addition, counsel for Plaintiff and Honeywell erroneously executed a

1637881.5

1

Stipulation of Dismissal of Plaintiff's claims against Honeywell (Notice of Removal, Ex. L). The circumstances of the erroneous execution of this Stipulation are set forth in paragraphs 19 to 26 of the Kagan Declaration and the attached documents referenced in those paragraphs.

After the dismissal of the New Jersey corporations, the remaining Defendants removed this action to Federal District Court. Plaintiff now moves for a remand to state-court.

## STATEMENT OF FACTS

In view of the nature of this motion, and the single issue it presents, only a brief statement of facts is required.

The three New Jersey corporations joined in the action, or their predecessors, were all manufacturers of asbestos-containing component parts of motor vehicles. Honeywell's predecessor, Bendix, was a manufacturer of automotive brakes (Dec. of Leah Kagan, ¶ 4); Abex was a manufacturer of brake linings installed in Mack trucks (Dec. of Leah Kagan, ¶ 5); and Ingersoll-Rand was a manufacturer of compressors installed in motor vehicles (Dec. of Leah Kagan, ¶ 6).

Plaintiff worked as an automotive mechanic — specifically on engines — from approximately 1947 until 1978, during the course of which he suffered a

1637881.5                                    2

significant exposure to asbestos from motor vehicle component parts (Dec. of Leah Kagan, ¶ 2). Plaintiff recalled that his longtime employer, Thul Auto, relined automotive brakes with Bendix brakes during the period he worked on the machine shop floor rebuilding engines (Dec. of Leah Kagan, ¶ 4). Plaintiff also stated that he performed work on Mack trucks (Dec. of Leah Kagan, Ex. D, p. 4, at A.6(I)(d); Ex. E, pp. 256-57), for which Abex supplied brake linings (Dec. of Leah Kagan, ¶¶ 4, 13; Ex. C, p. 7). In addition, Plaintiff stated that he worked with asbestos-containing Ingersoll-Rand compressors while employed as a heavy equipment mechanic (Dec. of Leah Kagan, Ex. D, p. 5 at A.6(II)(d); Ex. N, p. 4).

## ARGUMENT

**THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR A REMAND TO STATE COURT BECAUSE THE SUMMARY JUDGMENTS GRANTED TO THE NEW JERSEY DEFENDANTS CONSTITUTED INVOLUNTARY DISMISSALS OF THOSE DEFENDANTS EVEN THOUGH PLAINTIFF DID NOT FILE OPPOSITION TO THEIR MOTIONS**

Defendants' removal of this action from the Superior Court of New Jersey to Federal District Court violated 28 U.S.C. § 1441(b)(2). Under this subsection, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which

1637881.5                                    3

such action is brought." This subsection establishes what is commonly referred to as the "forum defendant rule." *In re Repository Techs.*, 601 F.3d 710, 721 (7th Cir. 2010); *Fielder v. I-Flow Corp.*, No. 09-cv-4100, 2010 WL 2516920, at *1 (D.N.J., June 11, 2010). If this rule is applicable, the defendants may not remove state-law claims to Federal District Court under 28 U.S.C. § 1441 even though the parties are diverse. *In re Repository Techs.*, 601 F.3d at 722.

As Defendants' Notice of Removal acknowledges, three of the Defendants, Plaintiff joined and served in his state court action are New Jersey citizens: Honeywell, Abex and Ingersoll-Rand. (Notice of Removal, ¶ 18). As the same paragraph of Defendants' Notice of Removal also acknowledges, the New Jersey citizenship of these three Defendants would have defeated removal to Federal District Court at the time the action was filed.

However, Defendants contend that the subsequent dismissal of the three New Jersey Defendants now authorizes the removal to Federal District Court by the remaining Defendants, none of which are citizens of New Jersey (See Notice of Removal, ¶¶ 20-27). Defendants assert that Plaintiff "voluntarily dismissed" his claims against Abex and Ingersoll-Rand "because [he] did not oppose their

Motions for Summary Judgment." (Notice of Removal, ¶ 31).[1] In support of this assertion, Defendants rely upon the "voluntary-involuntary rule," under which "a case is removable when the plaintiff voluntarily dismisses the claim against the non-diverse party." *Hoffman v. Metro. Ins. & Annuity Co.*, No. 12-cv-2303, 2012 WL 3185953, at *3 (D.N.J., Aug. 2, 2012) (Notice of Removal, ¶ 29).[2] Therefore, the issue presented by this motion for remand to the Superior Court of New Jersey is whether Plaintiff's failure to file opposition to Abex's and Ingersoll-Rand's

---

[1]The Notice of Removal also asserts that the dismissal of Plaintiff's claim against Honeywell was "voluntary" because Plaintiff executed a "Stipulation of Dismissal" of this claim. As indicated by paragraphs 19 to 26 of the declaration of plaintiff's counsel, Leah Kagan, this Stipulation was executed erroneously and should be treated the same way as an order granting summary judgment. Moreover, if the case is remanded to state-court, Plaintiff will move for enforcement of his counsel's agreement with Honeywell's counsel to vacate that dismissal, and if that motion were granted, Honeywell would presumably move for summary judgment. In any event, even if the dismissal of Plaintiff's claim against Honeywell could be properly characterized as voluntary, this action would not be removable to Federal District Court under 28 U.S.C. § 1441(b)(2) because the grant of Abex's and Ingersoll-Rand's motions for summary judgment constituted involuntary dismissals of his claims against those Defendants.

[2]Even if a forum defendant is involuntarily dismissed from a state-court action, the remaining defendant may be able to remove the action to Federal District Court if they can show that the dismissed party was "fraudulently joined" in the action. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992). Defendants Notice of Removal does not assert that Honeywell, Abex and Ingersoll-Rand were fraudulently joined and, in any event, such an assertion would not be supportable.

motions for summary judgment transformed the orders granting those motions from "involuntary" to "voluntary" dismissals of Plaintiff's claims.

Before addressing this specific issue, Plaintiffs note that "[r]emoval statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). Thus, Defendants, "as the removing part[ies] . . . carr[y] a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Id.*

The voluntary-involuntary rule derives from the Supreme Court's statement in *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918), which synthesized the Court's earlier decisions, that a "plaintiff may by the allegations of his complaint determine the status with respect to removability of a case . . . when it is commenced, and . . . **this power to determine the removability of a case continues with the plaintiff throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards become removable depends** not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, in invitim, order, but **solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.**" (Emphasis added). "[This] rule establishes a

1637881.5                                6

bright line test for evaluating removability." *In re Iowa Mfg. Co.*, 747 F.2d 462, 463 (8th Cir. 1984). If the plaintiff voluntarily dismisses a resident defendant whose joinder in the action precludes removal, "the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary." *Id.*

"The voluntary/involuntary rule serves two purposes. First, the rule contributes to judicial economy. Removal following an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court. . . . Second, some courts have invoked a general principle of deference to the plaintiff's choice of forum. . . . Allowing removal only when the plaintiff voluntarily dismisses a defendant ensures that the plaintiff will not be forced out of state court without his consent." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992); *see also Abels v. State Farm Fire & Cas. Co.*, 694 F. Supp. 140, 144-45 (W.D. Pa. 1988).

Although the voluntary-involuntary rule is based on century- old Supreme Court decisions, nearly every court to have considered the question has concluded that the rule survived subsequent amendments of the statutes governing removal

and diversity jurisdiction. *See, e.g. Poulos v. Naas Foods, Inc.*, 959 F.2d at 72; *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *In re Asbestos Prod. Liab. Litig.*, 801 F. Supp. 337, 339-40 (E.D. Pa. 2014). The courts so holding include this Court, *Hoffman v. Metro. Ins. & Annuity Co.*, 2012 WL 3185953, at *3; *Am. Dredging Co. v. Atl. Sea Con, Ltd.*, 637 F. Supp. 179, 182 (D.N.J. 1986), and Defendants do not question the continuing viability of the rule. Defendants' sole argument appears to be that the dismissal of the resident Defendants should be considered "voluntary" rather than "involuntary" because Plaintiff failed to file opposition to their motions for summary judgment. (Notice of Removal, ¶ 31).

The courts that have considered this argument have rejected it. *See, e.g., Shemp v. Yamaha Corp. of Am.*, No. 06-cv-565, 2006 WL 2669185, at *4 (D. Nev., Sept. 18, 2006); *Pender v. Bell Asbestos Mines, Ltd.*, 46 F. Supp. 2d 937, 941 (E.D. Mo. 1999); *Machinsky v. Johnson & Johnson Med., Inc.*, 868 F. Supp. 269, 270 (E.D. Mo. 1994); *Cook v. Pep Boys-Mannie Moe & Jack, Inc.*, 641 F. Supp. 43, 45-46 (E.D. Pa. 1985); *Saylor v. Gen. Motors Corp.*, 416 F. Supp. 1173, 1175 (E.D. Ky. 1976). As succinctly summarized in *Shemp*, 2006 WL 2669185, at *4, "the courts have routinely rejected the argument that a failure to do something," such as failing to file opposition to a motion to dismiss or for

1637881.5

8

summary judgment, "constitutes a voluntary action under the voluntary-involuntary rule."

The courts' refusal to treat a plaintiff's failure to oppose a defendant's motion for summary judgment as the functional equivalent of a voluntary dismissal promotes the voluntary-involuntary rule's policies of "judicial economy" and "deference to the plaintiff's choice of forum." *Poulos v. Naas Foods*, 959 F.2d at 72. Orders that grant summary judgments to some defendants while the action continues as to others are interlocutory. *See S.N. Golden Estates, Inc. v. Cont'l Cas. Co.*, 317 N.J. Super. 82, 87 (App. Div. 1998) ("To be final, a judgment must dispose of all claims against all parties."). Therefore, such an order remains subject to reconsideration by the trial court until the case is brought to trial and a final judgment is entered. *See Johnson v. Cyclop Strapping Corp.*, 220 N.J. Super. 250, 257-64 (App. Div. 1987), *certif. den.*, 110 N.J. 196 (1988). Moreover, although it would be unusual for a party to appeal from an order granting summary that the party had not opposed, there is no prohibition in the New Jersey Rules of Court against an appeal in that circumstance, either by way of a motion for leave to appeal or appeal from the final judgment. Therefore, a dismissal on a motion for summary judgment, even though unopposed, "may be only temporary." *Poulas v. Naas Foods*, 959 F.2d at 72. Thus, the allowance of removal to Federal

District Court based on an order granting such a motion would be inconsistent with the voluntary-involuntary rule's policy of "judicial economy." *Id.*

Removal based solely on Plaintiff's failure to oppose some Defendants' motions for summary judgment also would be inconsistent with the second policy underlying the voluntary-involuntary rule, which is the "general principle of deference to the plaintiff's choice of forum." *Id.* Plaintiff brought this action in the Superior Court of New Jersey rather than the Federal District Court, joining as Defendants three New Jersey corporations. In the absence of a showing by the remaining Defendants that those New Jersey Defendants were fraudulently joined, *see Batoff v. State Farm Ins. Co.*, 977 F.2d at 851-52, and the Notice of Removal does not allege fraudulent joinder, this Court should defer to Plaintiff's choice of forum.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's motion to remand this removed action to the Superior Court of New Jersey.

Respectfully submitted,

**SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER, P.C.**


/s/ Robert E. Lytle
Robert E. Lytle

1637881.5

11