**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD BROWN,<br><br>                     Plaintiff,<br>v.<br><br>CATERPILLAR, INC., et al.,<br><br>                     Defendants. | **OPINION**<br><br>Civ. No. 15-02687 (WHW) (CLW) |

**Walls, Senior District Judge**

       Plaintiff Harold Brown initiated this common law tort action in New Jersey Superior Court on May 2, 2014, alleging injury from workplace asbestos exposure. Notice of Removal, ECF No. 1. Defendants removed the case to this Court on April 15, 2015, and Plaintiff now moves to remand it to New Jersey Superior Court. Decided without oral argument under Federal Rule of Civil Procedure 78(b), Plaintiff's motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

       The Court recites only the facts relevant to this motion. Plaintiff's complaint alleges that Defendants manufactured, supplied, and distributed asbestos-containing products and that Plaintiff was injured from exposure to them during his career as a mechanic. Compl. ¶¶ 1-5, ECF No. 1-1. Three of the defendants originally named in Plaintiff's complaint were New Jersey corporations: Honeywell International, Inc. ("Honeywell"), Pneumo-Abex, LLC ("Abex"), and Ingersoll-Rand Company ("Ingersoll-Rand"). *Id.* ¶ 5; Notice of Removal ¶ 18.

       On March 6, 2015, the New Jersey Superior Court granted motions for summary judgment filed by Abex and Ingersoll-Rand, dismissing Plaintiff's claims against them. Notice of Removal ¶ 31, Exs. J, K. Plaintiff did not oppose those motions. *Id.* On March 31, 2015, Plaintiff entered

1

**NOT FOR PUBLICATION**

into a stipulation dismissing his claims against Honeywell. *Id.* ¶ 32, Ex. L. On April 15, 2015, the remaining defendants removed the case to this Court on diversity grounds under 28 U.S.C. Sections 1441(a) and 1446(b)(3). *Id.* ¶ 12. Plaintiff now timely moves for remand under 28 U.S.C. Section 1447(c).

## LEGAL STANDARD

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). One caveat to this rule, however, is that if diversity jurisdiction did not exist when an action was filed, a defendant cannot later remove it on diversity grounds unless the diversity jurisdiction was created "by a voluntary act of the plaintiff, such as amendment of the pleadings or voluntary dismissal of the non-diverse defendant." *Rubino v. Genuardi's Inc.*, Civ. No. 10-6078, 2011 WL 344081, at *5 (E.D. Pa. Jan. 31, 2011) (citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)). This is known as the "voluntary-involuntary rule." *Id.*

The rule serves two purposes. First, it protects judicial resources. "Removal following an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992) (citing *Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38, 40 n.2 (2d Cir. 1980)). Second, it recognizes "the general principle of deference to the plaintiff's choice of forum." *Id.* (citing *Self v. General Motors*, 588 F.2d 655, 657-60 (9th Cir. 1978)).

Although the Third Circuit Court of Appeals has not addressed the applicability of the voluntary-involuntary rule after the 1949 and 1988 amendments to the federal removal statute, 28 U.S.C. § 1446(b), other Circuit Courts of Appeals have continued to apply the rule. *Poulos*, 959

2

...
...

**NOT FOR PUBLICATION**

F.2d at 72; *Quinn*, 616 F.2d at 40 n.2. District courts in this Circuit have likewise regularly enforced it. *See Baurczarski v. Chomyn*, Civ. No. 14-01794, 2015 WL 4163098, at *3 (M.D. Pa. July 9, 2015) (granting remand because non-diverse defendant's dismissal "was not facilitated by a voluntary act on the part of the Plaintiff"); *Rubino*, 2011 WL 344081, at *6-7 (granting remand "because the non-diverse defendant was not dismissed by Plaintiff's voluntary act"); *Greco v. Beccia*, No. 99-2136, 2001 WL 121887, *1 (M.D. Pa. Feb. 13, 2001) (granting remand where "the case became removable as the result of an involuntary change to plaintiffs' case by the state court," not "as the result of any voluntary act of plaintiffs").

"The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). If a matter is improperly removed to federal court, a court can remand it on motion by a party made within thirty days after the notice of removal was filed. 28 U.S.C. § 1447(c). When confronted with a motion to remand, the removing party has the burden of proving that removal was proper. *Id.*; *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

## DISCUSSION

Defendants argue that Plaintiff's failure to oppose Ingersoll-Rand's and Abex's motions for summary judgment constituted voluntary dismissals of his claims against them, thereby making removal on diversity grounds proper under the voluntary-involuntary rule. Defs.' Opp. 2, ECF No. 21. Plaintiff contends that his decision not to oppose Ingersoll-Rand's and Abex's motions does not amount to voluntary dismissal, and that removal violated the voluntary-involuntary rule. Pl.'s Mem. 3, ECF No. 19-1.

**NOT FOR PUBLICATION**

The majority of district courts to have considered this question—whether a plaintiff's failure to oppose a non-diverse defendant's dispositive motion constitutes a voluntary act of dismissal—have "rejected the argument that a failure to do something constitutes a voluntary action under the voluntary-involuntary rule." *Shemp v. Yamaha Corp. of Am.*, Civ. No. 06-00565, 2006 WL 2669185, at *4 (D. Nev. Sept. 18, 2006) (granting remand because "Plaintiff's failure to file an opposition to Defendant['s] motion to dismiss" was not an affirmative act sufficient to satisfy the voluntary-involuntary rule) (collecting cases); *Cook v. Pep Boys-Mannie, Moe & Jack, Inc.*, 641 F. Supp. 43, 45-46 (E.D. Pa. 1985) (finding plaintiff's failure to oppose the resident defendant's motion for judgment on the pleadings did not constitute a voluntary act under the voluntary-involuntary rule).

This Court agrees. Plaintiff's failure to oppose Ingersoll-Rand's and Abex's summary judgment motions was not a voluntary dismissal of his claims against them. Mere failure to oppose a dispositive motion does not demonstrate affirmative consent to dismissal or a "desire not to pursue the case against the non-diverse party." *Greco*, 2001 WL 121887, at *7 (quoting *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988)). See *Pender v. Bell Asbestos Mines, Ltd.*, 46 F. Supp. 2d 937, 941 (E.D. Mo. 1999) ("[P]laintiff did not consent to the dismissal here merely because her counsel stated he would not appear to oppose the motion."); *Machinsky v. Johnson & Johnson Med., Inc.*, 868 F. Supp. 269, 270 (E.D. Mo. 1994) (failure to oppose dismissal is not equivalent of voluntary dismissal by plaintiff). Nor does a lack of opposition relieve the trial court of its duty to determine "that the moving party is entitled to a judgment or order as a matter of law." *Chernesky v. Fedorczyk*, 346 N.J. Super. 34, 41, 786 A.2d 881, 885 (App. Div. 2001). New Jersey Superior Court Judge Viscomi's orders granting Ingersoll-Rand's and Abex's summary judgment motions are not predicated solely on Plaintiff's non-

opposition. Rather, they state that Judge Viscomi "reviewed the above motion" and found "it to be meritorious on its face," as well as "unopposed." Notice of Removal, Exs. J, K. Judge Viscomi's orders make clear that Ingersoll-Rand's and Abex's dismissals were "not due to any voluntary act of plaintiffs, but [were] instead the result of a state court decision." *Greco*, 2001 WL 121887, at *8.

The cases advanced by Defendants are neither binding nor persuasive. In *Montgomery v. Long-Lewis, Inc.*, Civ. No. 10-21, 2010 WL 6558022, at *4 (N.D. Ala. July 2, 2010) and *Rodenroth v. Firestone Tire & Rubber Co.*, No. 87-0727, 1987 U.S. Dist. LEXIS 15770, at *4 (E.D. Mich. May 15, 1987), the courts denied remand after plaintiffs affirmatively notified the courts of their non-opposition to the non-diverse defendants' motions. The *Montgomery* court found that, under Alabama law, this notification operated as "formal consent" to the non-diverse defendant's dismissal. *Montgomery*, 2010 WL 6558022, at *4. In this case, Plaintiff was simply silent in response to Ingersoll-Rand's and Abex's motions. Pl.'s Reply 8, ECF No. 22.

Ingersoll-Rand and Abex were dismissed from this action not by Plaintiff's failure to oppose their summary judgment motions, but by court order after the New Jersey Superior Court found the motions meritorious on their face. Because these non-diverse defendants' dismissal was not effected by Plaintiff's voluntary act, removal to federal court on diversity grounds was improper under the voluntary-involuntary rule. Remand is appropriate under 28 U.S.C. § 1447(c).

## CONCLUSION

Plaintiff's motion to remand is granted. An appropriate order follows.

Date: July 28, 2015

Hon. William H. Walls
United States Senior District Judge